UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cr-132-WTL-KPF-5 |
| ) | |
| ROGER LOUGHRY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ENTRY ON *RES GESTAE*, RULE 414, AND RULE 404(b) EVIDENCE**

In November 2009, the Government properly filed its Notice of Intent to Introduce *Res Gestae* and Evidence of Other Acts Pursuant to Fed. R. Evid. 414 and 404(b) (Docket No. 579). At the Defendant's trial, the Government moved to admit evidence that the Defendant possessed images and videos depicting child pornography other than the images and videos charged in the Second Superceding Indictment. After the Defendant indicated that he objected to the admission of this evidence the Court conducted a hearing out of earshot of the jury and concluded that the additional files were admissible under Federal Rule of Evidence 414 ("Rule 414").

**I. LEGAL STANDARD**

Rule 414(a) states: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Rule 414(c) cautions that "[t]his rule shall not be construed to limit the admission or consideration of evidence under any other rule." Thus, evidence admitted pursuant to Rule 414 must also satisfy the balancing test of Rule 403. *See United States v. Hawpetoss*, 478 F.3d 820, 824 (7th Cir. 2007).

## II.  BACKGROUND

The Defendant objected to the admission of the following exhibits: 2300; 2300A; 2500; 2500A; 2700; 2700A; and 2090.  These exhibits contain digital photographs and videos depicting child pornography that was not described or charged in the Second Superseding Indictment.

## III.  DISCUSSION

The Government claims that the evidence is admissible on three separate grounds: (1) under the inextricably intertwined rule, what the Government terms *res gestae*; (2) under Rule 414; or (3) for a limited purpose under Federal Rule of Evidence 404(b).[1]

Although the Court reviewed the Government's argument under the inextricably intertwined rule, the Court does not find this line of reasoning persuasive and instead turns to the Government's Rule 414 argument.

Rule 414 only applies to an "offense of child molestation" which is defined as:

> [A] crime under Federal law or the law of a State . . . that involved –
> (1) any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;
> (2) any conduct proscribed by chapter 110 of title 18, United States Code;
> (3) contact between any part of the defendant's body or an object and the genitals or anus of a child;
> (4) contact between the genitals or anus of the defendant and any part of the body of a child;
> (5) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child; or
> (6) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

---

[1] Because the Government's evidence is admissible under Rule 414, the Court does not address Rule 404(b) herein.  However, the Court notes that the evidence is also admissible under Rule 404(b).

In the instant case, the Defendant is charged with violations of 18 U.S.C. §§ 2251 and 2252. Both of these code provisions are included in Chapter 110 of Title 18. Thus, the Defendant in this case was charged with an offense of child molestation as defined in Rule 414. Because this is a criminal case in which the defendant is accused of an offense of child molestation, the Government's evidence that the Defendant committed other offenses of child molestation is admissible, subject to the balancing test of Federal Rule of Evidence 403 ("Rule 403").

Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In *Hawpetoss*, the Seventh Circuit stated that when conducting the Rule 403 analysis in the Rule 414 context, "'the district court enjoys wide discretion in admitting or excluding evidence.'" 478 F.3d at 825 (quoting *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005). Under the flexible approach favored by the Seventh Circuit, the Court conducted the Rule 403 balancing test and concluded that the probative value of the Government's evidence was not substantially outweighed by the danger of unfair prejudice. Thus, Rule 403 does not bar introduction of this evidence.

## CONCLUSION

For the foregoing reasons, the Defendant's objection to the admission of exhibits 2300, 2300A, 2500, 2500A, 2700, 2700A, and 2090 is overruled. These exhibits are properly admitted under Federal Rule of Evidence 414.

SO ORDERED:   04/15/2010

3

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Joseph Moutin Cleary
Hammerle & Allen
jcleary498@aol.com

Steven D. DeBrota
United States Attorney's Office
steve.debrota@usdoj.gov

Alecia Lynne Riewerts Wolak
U.S. Department of Justice
Alecia.Riewerts@usdoj.gov

Elizabeth M. Yusi
U.S. Attorney's Office
elizabeth.yusi@usdoj.gov

U.S. Marshals Service

U.S. Probation Office