# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER LOUGHRY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:15-cv-444-SEB-DML |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Roger Loughry for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action **dismissed with prejudice.** In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On June 3, 2009, Mr. Loughry was charged in a seventeen-count multi-defendant Second Superseding Indictment. *See USA v. Loughry*, 1:08-cr-00132-SEB-TAB-5 (hereinafter "Crim. Dkt."), dkt. 364. Count 1 charged Mr. Loughry with conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A). Count 2 charged Mr. Loughry with conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2). Counts 3-4 and 7-16 charged Mr. Loughry with advertising child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A). Counts 5 and 6 charged Mr. Loughry with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

Mr. Loughry's jury trial began on April 12, 2010 and ended on April 15, 2010. He was found guilty of Counts 1-16, as charged in the Second Superseding Indictment. *See* Crim. Dkt. 729. On August 18, 2010, Mr. Loughry was sentenced to 360 months in prison for Counts 1, 3-4, and 7-16 and 240 months in prison on Counts 2 and 5-6, to be served concurrently. *See* Crim. Dkt. 895. Mr. Loughry was also sentenced to a lifetime of supervised release and was also assessed a mandatory assessment of $1,600 and a fine of $1,000. The judgment of conviction was entered on August 20, 2010. *See* Crim Dkt. 897.

Mr. Loughry filed a notice of appeal on August 23, 2010. He argued that the Court allowed the government to show the jury several uncharged hard core pornography videos that were found in his home over his objection. On November 2, 2011, the Seventh Circuit found the Court erred in admitting these videos and such errors were not harmless. The Seventh Circuit reversed the judgment and remanded it for further proceedings. *See United States v. Loughry*, 660 F.3d 965 (7th Cir. 2011).

On January 28, 2013, Mr. Loughry's second jury trial was held. *See* Crim. Dkt. 1055. On January 31, 2013, he was found guilty of all Counts charged in the Second Superseding Indictment. *See* Crim. Dkt. 1062. On February 1, 2013, Mr. Loughry was sentenced to 360 months imprisonment to be followed by a lifetime of supervised release. Mr. Loughry was also assessed a mandatory assessment of $1,600 and a fine of $1,000. Final judgment was entered on February 11, 2013. *See* Crim Dkt. 1061.

Mr. Loughry filed a notice of appeal on February 21, 2013. He argued that the Court improperly allowed a binder containing properly admitted evidence of child pornography collected from his residence to be taken to the jury room during deliberations. He argued that this evidence was too prejudicial for the jurors to examine. The Seventh Circuit found these photos were not unfairly prejudicial and were highly probative of his identity as the internet user who advertised and distributed child pornography. *See United States v. Loughry*, 738 F.3d 166 (7th Cir. 2013) (stating the similarities between Mr. Loughry's own child pornography and that found on the "TheCacheBBS" website made Mr. Loughry's personal collection highly probative and justified the Court's decision to allow jurors to inspect it during deliberations). On December 18, 2013, the Seventh Circuit affirmed the judgment of the district court. *Id.*

Mr. Loughry filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on March 16, 2015, and this action was opened. On June 12, 2015, he filed a motion to supplement his § 2255 motion, which the Court granted. On February 29, 2016, he filed a motion to file a second amendment to his § 2255 motion, which the Court granted. On May 5, 2016, Mr. Loughry filed an amended § 2255 motion. The United States has responded in opposition on several occasions, and Mr. Loughry has never filed a reply to any of the United States' responses.

### III. Discussion

Over the course of seven pages, Mr. Loughry lists a litany of instances where his trial counsel, Mr. Koselke, allegedly provided ineffective assistance of counsel. *See* dkt. 46-1. The Court reviewed Mr. Loughry's list in detail and summarizes Mr. Loughry's primary claims of ineffective assistance of counsel as: (1) failing to call a witness during his trial; (2) failing to argue that the search warrant for his residence contained an incorrect description of his house; (3) failing to properly cross-examine and pursue certain lines of questioning for several of the government witnesses; (4) failing to dispute whether exhibits 1-6 were "true and correct" copies of the original; (5) refusing to ask Mr. Loughry the questions Mr. Loughry desired him to ask if he took the stand; (6) failing to push for access to Mr. Loughry's hard drive; and (7) failing to get the 4-level enhancement for sadistic/masochistic removed from his total offense level at sentencing. Other claims, such as "Mr. Koselke should have sent back the pages of the transcript that I sent him, like I asked and copies of the opening statements and closing arguments," "[t]he Defendant should have given copies of the 'off the record' discussions," and "Mr. Koselke should have questioned how this case got from Alabama to Washington, D.C. to North Carolina to Indiana," and "Mr. Koselke should have done his research like the Defendant did" (without any further explanation) are plainly without merit and will not be addressed.

Mr. Loughry further alleges that there was prosecutorial misconduct, listing twenty-eight alleged instances of such misconduct. Finally, Mr. Loughry alleges judicial misconduct with a list of seventeen alleged instances of misconduct. In response, the United States maintains that Mr. Loughry's claims are meritless, his trial counsel was not ineffective, and he was not subject to prosecutorial or judicial misconduct.

### A. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

### 1. *Failing to Call a Witness During Trial*

Mr. Loughry first argues that his counsel failed to call a government witness in his second trial that "damaged Government's case as government witness in first trial. (Lori Heath) Postal Inspector." *See* dkt. 46-1 at 1. That is the totality of Mr. Loughry's argument.

"The Constitution does not oblige counsel to present each and every witness that is suggested to him." *Blackmon v. Williams*, 823 F.3d 1088, 1103 (7th Cir. 2016) (internal quotation omitted). "Rather, counsel need only investigate possible lines of defense and make an informed decision." *Id*. "If counsel has investigated witnesses and consciously decided not to call them, the

5

decision is probably strategic." *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005). Strategic decisions like these, so long as they are made after a thorough investigation of law and facts, are "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Lori Heath, a criminal investigator with the United States Postal Inspection Service, testified as a government witness on the second day of Mr. Loughry's first trial. *See* Crim. Dkt. 911 at 233:15-23. Her testimony related to: (1) describing Mr. Loughry's residence and the search of his residence in September 2008 (*see id.* at 235:1-261:12); (2) detailing her interview of Mr. Loughry during the time of the search conducted by her and Augustus Aquino, a special agent from Immigration and Customs Enforcement (ICE) (*id.* at 261:13-276:2); and (3) explaining and reading Mr. Loughry's written and signed statement (*id.* at 276:3-283:14). Her testimony was also provided to lay the foundation for the admission of the following exhibits:

- Exs. 2002 and 2003 – diagrams of the layout of the first and second floors of Mr. Loughry's residence (*id.* at 236-238);

- Exs. 2004, 2034, 2035, 2036, 2037, 2038, 2040, 2041, 2044, 2046, 2047 – photographs taken the day of the search of Mr. Loughry's residence. (*id.* at 240-42);

- Ex. 2090 – Computer seen in the photograph of Ex. 2034 (*Id.* at 243-44);

- Exs. 2300 and 2500 – CDs seen in the photograph of Ex. 2044 *(Id.* at 247-250);

- Ex. 2700 – Hard drive seen in photograph of Ex. 2047 (*Id.* at 251-252);

- Exs. 2056 B, C, F, and G – paper documents recovered from residence (*Id.* at 254-55);

- Ex. 2000 – signed warning and a waiver of rights form for Mr. Loughry (*Id.* at 262-63); and

- E. 2001 – written and signed statement by Mr. Loughry (*Id.* at 276-82).

During cross-examination, Ms. Heath was questioned about whether the paper documents of Exs. 2056 B, C, F and G were found stacked together, whether there was a lot of other paper in

the vicinity, and whether she personally collected the paper evidence. *Id.* at 285:21-291:9. She was also questioned about whether she, or one of the other agents, asked Mr. Loughry about "the Cache" directly, or if instead Mr. Loughry was the first to bring up the subject. *Id.* at 292:9-300:17.

Having reviewed all of Ms. Heath's testimony, it is unclear how Mr. Loughry believes that Ms. Heath "damaged" the Government's case such that he was prejudiced by his counsel's failure to call her as a witness in the second trial. Rather, her testimony was damaging to Mr. Loughry, and helped to establish that Mr. Loughry: 1) was in fact "mayorroger;" 2) used the forum to communicate with Dublhelix; 3) was a moderator and administrator for TheCache; 4) received administrator access by DAS; and 5) knew that TheCache traded child pornography. *Id.* at 265-276. It would instead have been ineffective assistance of counsel if Mr. Koselke *had* called Ms. Heath as a witness.

Because Mr. Loughry fails to show that his counsel's performance was deficient, under the first prong of *Strickland*, and he fails to show that he was prejudiced, under the second prong of *Strickland*, Mr. Koselke's failure to call Lori Heath as a witness was not ineffective assistance of counsel.

### 2. *Failing to Object to the Search Warrant*

Mr. Loughry next asserts Mr. Koselke was ineffective for failing to argue at his second trial that the search warrant contained incorrect information.

On January 4, 2010, Mr. Loughry's first trial counsel, Mr. Cleary, filed a motion to suppress the search warrant because he claimed that it contained an inaccurate description of his residence. *See* Crim. Dkt. 593. Specifically, the warrant described Mr. Loughry's residence as a:

> two story single family residence with white vinyl siding. The residence has an awning over the front porch that has the number [] nailed to the front of the awning above the front step … The front door of the residence is a light brown pane glass and wooden door with a screen outer door.

7

Crim. Dkt. 593-1 at 2. Mr. Loughry alleged the residence is not a single family residence, but is actually two apartments (one upstairs and one downstairs), that the vinyl siding is light blue and not white (although Mr. Loughry's counsel noted that in pictures of the house, the vinyl looked white), there is no awning and the porch is covered by a real roof built into the house, the front door is white and not a light brown pane glass, and there is no screen or glass door on the exterior. *See* Crim. Dkt. 593 at 3; dkt. 46-1 at 1. Mr. Loughry did not dispute that the search warrant listed the correct address for his residence. On February 19, 2010, the Court denied Mr. Loughry's motion to suppress and found that "[e]ven if all of these alleged inaccuracies are present, the warrant still passes constitutional muster because its description was sufficient to enable the officers to locate and identify the premises with reasonable effort and there was no reasonable probability that another premises might be mistakenly searched." Crim. Dkt. 626 at 4 (citing *Powe v. City of Chicago*, 664 F.2d 639, 648 n.11 (7th Cir. 1981)). Accordingly, the Court held that "[b]ecause the search warrant was both properly issued and properly executed, the Government's search of Loughry's residence at [address] was constitutional." *Id.* at 5. Mr. Loughry never appealed the issue of whether the search warrant, and all of the evidence from the search, should have been suppressed.

With respect to trial strategy, an attorney's trial strategy is "virtually unchallengeable" after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (citing *Strickland v. Washington*, 466 U.S. at 690-91). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Moreover, to prevail on an ineffective assistance claim for not filing a motion to

8

suppress, a petitioner must show that such a motion would have been meritorious. *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). If a motion to suppress would have had no merit, then trial counsel cannot be ineffective in failing to file such a motion.

Mr. Loughry fails to overcome the presumption that Mr. Koselke's failure to re-file a motion to suppress the search warrant was not sound trial strategy and fails to show that any motion to suppress would have been meritorious. The Court had already ruled on the issue and dismissed the alleged inaccuracies as "simply not material." Crim. Dkt. 626 at 4. It is fair to assume that Mr. Koselke considered that the re-filing of a motion to suppress would have been futile. Thus, because Mr. Loughry fails to show that his counsel's performance was deficient, under the first prong of *Strickland*, Mr. Koselke's failure to object to the "false information" in the search warrant was not ineffective assistance of counsel. Moreover, Mr. Loughry fails to show that he was prejudiced, under the second prong of *Strickland*, where he provides no reason why a renewed motion to suppress would have been successful.

### 3. Failing to Properly Cross-Examine and Pursue Certain Lines of Questioning

Mr. Loughry identifies thirteen groupings (totaling almost 50 specific instances) of his counsel's apparent failure to properly cross-examine and pursue certain lines of questioning of witnesses. Dkt. 46-1 at 1-6.

"[D]eciding what questions to ask a prosecution witness on cross-examination is a matter of strategy." *United States v. Jackson*, 546 F.3d 801, 814 (7th Cir. 2008). Courts "do not second guess the reasonable tactical decisions of counsel." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010).

Despite the volume of instances where Mr. Loughry argues that Mr. Koselke should have cross-examined a witness in a certain manner, Mr. Loughry utterly fails to show how he was

9

prejudiced or that there was a "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Strickland*, 466 U.S. at 687.

Mr. Loughry also fails to overcome the presumption that Mr. Koselke's questioning was sound trial strategy. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). As one example from Mr. Loughry's list, he argues that his trial counsel should have conducted further cross-examination on the fact that Kiley testified that BSR stood for Bullet Screen Recorder instead of Buellent Screen Recorder. *See* dkt. 46-1 at 3; *see* Crim. Dkt. 1096 at 379:20-22 ("So we see the letters here BSR, which stands for Bullet Screen Recorder, and it's actually a software program that records a portion of a computer screen."). A quibble between "bullet" and "buellent" (perhaps simply a mispronunciation error) is frivolous. Mr. Koselke likely considered that pursuing questioning on this tiny point would only confuse the jury, and not serve any purpose to further Mr. Loughry's defense. Indeed, it is difficult to see how Mr. Loughry was prejudiced by this minor alleged error in testimony.

Mr. Loughry's efforts to point out minor errors here and there in the transcript do not amount to a showing of a constitutionally deficient performance under *Strickland*, particularly when viewed in the context of counsel's overall performance. *See Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010) ("it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief") (citations omitted).

Thus, Mr. Loughry fails to show that Mr. Koselke's cross-examination and line of questioning decisions were ineffective assistance of counsel.

### 4. *Failing to Dispute Authenticity of Certain Exhibits*

Mr. Loughry's next claim of ineffective assistance is that Mr. Koselke should have "asked how we know the exhibits 1, 2, 3, 4, 5, and 6 were 'true and correct' copies of the originals. We should take the governments word on this?" Dkt. 46-1 at 6. Again, this is the totality of Mr. Loughry's arguments and facts relating to this claim.

As an initial matter, it is unclear which exhibits Mr. Loughry is referring to. The Court will assume that he is referring to Exhibits 1, 2, 4, 5, and 6 – no Exhibit 3 was admitted at trial. Exhibit 1 was a stipulation as to the chain of custody and authenticity of Exhibit 4, 5, and 6. Crim Dkt. 695-1. Exhibit 2 was a hard drive, created by Mr. Fottrell, the Government's forensic expert, that contained back-up versions of the TheCache board. *See* Crim. Dkt. 1094 at 52:3-20. Exhibit 4 is a hard drive that contained a copy of the data from "TheCacheBBS" as of February 2008. *Id.* at 48:9-15. Exhibit 5 is a hard drive that contained a copy of the "TheCacheBBS" data as of September 2008. *Id.* at 48:16-19. Exhibit 6 is a hard drive that contained a copy of the "TheCacheBBS" back-up board of September 2008. *Id.* at 48:20-22.

Mr. Loughry fails to explain why, beyond mere speculation, there is any reason to believe these exhibits were not "true and correct" copies of what they purported to be. Indeed, Exhibit 1 was just a stipulation between the parties, so there is no question as to its authenticity. Exhibit 1 stipulated to the authenticity of Exhibits 4-6. Rule 1003 of the *Federal Rules of Criminal Procedure* provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity." Because Mr. Loughry fails to raise a genuine question as to these exhibit's authenticity, he fails to overcome the presumption that Mr. Koselke's failure to object to their authenticity was sound trial strategy. An attorney's duty is not to raise every conceivable defense or obstruction, for a "lawyer has an obligation to be truthful and forthright with the court, [and] he has no duty to make a frivolous argument." *Fuller*, 398 F.3d at

11

652. Counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Moreover, an objection with no chance of success could not possibly prejudice the outcome. Accordingly, Mr. Koselke's failure to object here was not ineffective assistance of counsel.

### 5. *Refusing to Question Mr. Loughry*

Mr. Loughry's next claim of ineffective assistance is that "Mr. Koselke told the Defendant that if he took the stand he would NOT ask him the questions necessary to extract the responses the jury needed to hear about this case." Dkt. 46-1 at 7.

Although Mr. Loughry has a constitutional right to testify in his own defense, he is not asserting here that Mr. Koselke improperly barred him from testifying or refused to proffer Mr. Loughry as a witness. He is merely asserting that Mr. Koselke refused to ask him the questions Mr. Loughry desired him to ask – that is to follow a specific line of questioning Mr. Koselke did not wish to take.

Here, it appears that Mr. Koselke's alleged refusal to ask certain questions was likely a reasonable strategic decision, and Mr. Loughry has failed to overcome the presumption that Mr. Koselke's refusal was sound trial strategy. *Strickland*, 466 U.S. at 689. Moreover, Mr. Loughry fails to explain what testimony he would have provided if he had testified in his trial. A bare statement of "the responses the jury needed to hear about this case," dkt. 46-1 at 7, is insufficient. Thus, Mr. Loughry also fails to show that he was prejudiced under the second prong of *Strickland*. Mr. Koselke's failure to ask Mr. Loughry certain questions was also not ineffective assistance of counsel.

### 6. *Failing to Seek Certain Discovery*

Mr. Loughry asserts that he was denied "the right to view my hard drive and Mr. Koselke didn't even push that issue, therefore I was denied the Right to DISCOVERY." Dkt. 46-1 at 7.

12

He claims that "[t]here are things on that drive that would prove my story about reporting these sites to the appropriate federal agencies." *Id.*

Here, Mr. Loughry fails to show that he was prejudiced, under the second prong of *Strickland,* based on his failure to view his hard drive. Mr. Loughry was convicted for advertising and distributing child pornography over the course of almost three years between, at least, November 2005 and February 2008. Even had Mr. Loughry had access to his hard drive in order to show that he attempted to report these websites to the appropriate federal agencies, such a showing is not exculpatory of his conviction for advertising and distributing child pornography. Nor would there have been a "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Strickland*, 466 U.S. at 687. Thus, because Mr. Loughry cannot show that he would have been prejudiced, Mr. Koselke's alleged failure to "push the issue" on viewing the hard drive was not ineffective assistance of counsel.

### 7. Failing to Remove 4-Level Enhancement at Sentencing

Mr. Loughry alleges Mr. Koselke was ineffective for failing to object to the Court's 4-level sentence enhancement for having material that portrays "sadistic and masochistic conduct or other depictions of violence." Dkt. 46-1 at 7. It is Mr. Loughry's contention that because the Seventh Circuit found such "hard core" pornography was improperly admitted as evidence in the first trial, *United States v. Loughry*, 660 F.3d 965 (7th Cir. 2011), it should therefore not be considered in his sentencing. *See* dkt. 11, dkt. 46-1 at 7.

The Seventh Circuit is "reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an

13

ineffective assistance of counsel may be considered. *Id.* However, "an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (citing *Glover v. United States*, 531 U.S. 198 (2001)).

The Sentencing Guidelines provides that if "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by **4** levels." *See, e.g.,* U.S.S.G. § 2G2.2(b)(4). The Guidelines further explain that the increase of four levels applies "regardless of whether the defendant specifically intended to possess, receive or distribute such materials." *Id.* at *Application of Subsection (b)(4)* (available at https://www.ussc.gov/sites/default/ files/pdf/ guidelines-manual/2008/manual/CHAP2_E-K.pdf ).

Although the Seventh Circuit in the first appeal found that "the risk of unfair prejudice to Loughry from the admission of the 'hard core' pornography was substantial" and "the admission of the 'hard core' pornography was not harmless," *Loughry,* 660 F.3d 965 at 974-75, such that the "hard core" pornography was not admitted as evidence to present to the jury in the second trial, it does not change the fact that Mr. Loughry had in his possession material that portrayed sadistic or masochistic conduct. The Court's imposition of the 4-level enhancement was therefore appropriate, whether or not that material was presented to the jury.

Because there was no error in the Court's application of the four-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), Mr. Koselke's performance could not be deficient for failing to object. *Faucett v. United States,* 872 F.3d 506, 512 (7th Cir. 2017) ("Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable."); *see also Fuller*, 398 F.3d at 652. Mr. Loughry also fails to show that he was prejudiced under the second prong of

14

*Strickland*, when he fails to show the objection would have been sustained. Thus, Mr. Koselke's failure to object to the sentence enhancement was not ineffective assistance of counsel.

In sum, for the reasons discussed herein, all of Mr. Loughry's ineffective assistance of counsel claims lack merit.

### B. Prosecutorial and Judicial Misconduct

Mr. Loughry next alleges that there was prosecutorial misconduct, listing twenty-eight (28) alleged instances of such misconduct. *See* dkt. 46-2. As just one example, Mr. Loughry alleges prosecutorial misconduct because "[e]very member of the prosecutions team asked the same questions over and over of every witness." Dkt. 46-2 at 1. Mr. Loughry next alleges that this Court engaged in various forms of misconduct, listing seventeen reasons. *See* dkt. 46-3. As just one example, Mr. Loughry's first alleged instance of judicial misconduct is "[t]he Judge tells the jurors they can thank her for the weather." Dkt. 46-3 at 1.

Mr. Loughry failed to raise claims of prosecutorial or judicial misconduct on appeal, and thus, has procedurally defaulted these claims. Ordinarily, claims not raised on appeal are procedurally defaulted. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). "A § 2255 petition is not a substitute for direct appeal." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). However, constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). In order to show cause for a procedural default, Mr. Loughry must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 497 (1986). If a petitioner is unable to demonstrate both cause and

15

prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice – that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495. Mr. Loughry is barred from raising these claims in his § 2255 proceeding because he has failed to demonstrate cause and prejudice for the default. Moreover, Mr. Loughry has not argued that dismissal of the claims would result in a fundamental miscarriage of justice.

Even had Mr. Loughry not defaulted on his claims, habeas relief would still have been unavailable on these grounds because his claims are meritless. Although Mr. Loughry lists, in total, 45 apparent reasons to show prosecutorial and judicial misconduct, the quantity of his showing is not reflective of the quality. His discussion of these subjects is sparse and includes little reasoning and few citations beyond the statements in the transcript that might help to illuminate the basic contours of his claims. Moreover, many of his claims are of similar quality as the two examples previously discussed. The Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); Fed R. App. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990)).

The Supreme Court has clearly established that a prosecutor's knowing use of perjured testimony violates the Due Process Clause. *See Schaff v. Snyder*, 190 F.3d 513, 530 (7th Cir. 1999), citing *United States v. Agurs*, 427 U.S. 97 (1976); *Pyle v. Kansas*, 317 U.S. 213, 215-16 (1942); *Mooney v. Holohan*, 294 U.S. 103, 110 (1935) (per curiam). The Court requires that a

conviction obtained by such knowing use of perjured testimony be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Agurs*, 427 U.S. at 103. However, Mr. Loughry has provided no proof that any testimony was false or that the prosecution knew that the testimony was false. Thus, it is unlikely there was prosecutorial misconduct in this case.

A defendant may be deprived of a fair trial when a judge acts in a way that gives "the jury an impression that the court believes the defendant is guilty." *United States v. Betts-Gaston*, 860 F.3d 525, 535 (7th Cir. 2017) (internal quotation omitted). None of Mr. Loughry's allegations rise to this level. Thus, Mr. Loughry fails to show judicial misconduct in this case.

### IV. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Mr. Loughry is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel, prosecutorial misconduct or judicial misconduct. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:08-cr-00132-SEB-TAB-5.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Loughry has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/29/2018

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROGER LOUGHRY
43691-037
FORT DIX - FCI
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
FORT DIX, NJ 08640

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov