UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08-cr-00132-SEB-TAB-05 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROGER LOUGHRY | (COMPASSIONATE RELEASE) |

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

■ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

■ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LOUGHRY,<br><br>Defendant. | No. 1:08-cr-00132-SEB-TAB-05 |

## ORDER

Pending before the Court is Roger Loughry's Motion for Compassionate Release, dkt. [1289] and dkt. [1321], filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. Mr. Loughry seeks immediate release and the reduction of his sentence to time served or to serve the remainder of his sentence on home confinement. For the reasons explained below, Mr. Loughry's motion is **denied.**

### I.
#### BACKGROUND

Mr. Loughry was a co-administrator of an online site called "the Cache," which shared child pornography among its members. A jury convicted Mr. Loughry for a total of 16 counts of conspiring to notice or advertise child pornography, distributing child pornography, and noticing or advertising child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e) and 18 U.S.C. §§ 2252(a)(2), (b)(1), (d)(1)(A), and (d)(2). Dkt. 1062. On February 2, 2013, this Court sentenced him to 360 months of imprisonment, followed by a lifetime of term of supervised release. Dkt. 1061. He is now 67 years of age and has served 146 months of his sentence. His current projected release date is August 4, 2034.

2

Mr. Loughry reports that he has pursued rehabilitation while incarcerated, although he does not describe his efforts. During his incarceration, Mr. Loughry has committed a handful of disciplinary infractions including possession of narcotics and alcohol and refusing to work. *See* dkt. 1330-2.

FCI Fort Dix, where Mr. Loughry is incarcerated, is experiencing a significant outbreak of COVID-19. The BOP's website shows that 103 inmates and 33 staff are currently positive for COVID-19 at FCI Fort Dix.[1] Mr. Loughry has bladder cancer, chronic obstructive pulmonary disease (COPD), hyperlipidemia, hypertension, heart disease, and polyneuropathy. According the CDC guidelines, his bladder cancer, COPD, and heart disease place him at a higher risk of severe illness from COVID-19.[2]

## II.
### DISCUSSION

Mr. Loughry argues that the Court should order his immediate release or release him to home confinement because his preexisting medical conditions leave him vulnerable to developing serious symptoms should he contract COVID-19 and that this amounts to an extraordinary and compelling reason for release. In addition, he argues that he is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. The Government argues that Mr. Loughry's health conditions do not constitute an "extraordinary and compelling" reason for release because his condition is stable and monitored and that the § 3553(a) factors weigh against his release.

---

[1] https://www.bop.gov/coronavirus/  (Last visited Dec. 7, 2020).
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (Last visited Dec. 7, 2020).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[3] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

---

[3] The parties dispute whether Mr. Loughry has exhausted his administrative remedies. *See* dkt. 1321 at 1; dkt. 1330 at 8–9. Because Mr. Loughry's motion is due to be denied on the merits, however, the Court need not resolve that dispute.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

### A.      **Extraordinary and Compelling Reasons**[4]

Mr. Loughry suffers from bladder cancer, COPD, and heart disease, all of which place him at risk of developing severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#chronic-lung-disease (last visited Dec. 7, 2020). His hypertension may also increase that risk. *Id.* Although the government argues that these conditions are managed and monitored by the BOP, and that Mr. Loughry has declined treatment for his bladder cancer, the fact that his conditions are currently managed or that he has foregone cancer treatment, has little to no impact on the fact that these conditions make him more susceptible to severe illness should he contract COVID-19. Moreover, the United States frequently concedes that having a CDC-identified COVID-19 risk factor satisfies the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i). *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release."); *United States v. Bilyou*, No. 2:11-cr-9-JMS-CMM-6, dkt. 905 at 6 (S.D. Ind. Nov. 27, 2020) ("The government concedes that the defendant has presented

---

[4] In keeping with the Seventh Circuit's instruction in *Gunn*, 2020 WL 6813995, at *2, the Court has considered the rationale provided by Mr. Loughry's warden in denying Mr. Loughry's administrative request for relief. Mr. Loughry's warden appears to have denied the request because it did not include all the necessary information and, to the extent that the warden did consider the merits of Mr. Loughry's request, the warden appears not to have considered the possibility that Mr. Loughry could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsections (A) through (C). *See* dkt. 1321-2 at 3. Thus, the warden's decision provides little guidance to the Court's analysis.

7

'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at increased risk of severe illness from COVID-19.").

The Court finds that Mr. Loughry's preexisting health conditions establish extraordinary and compelling reasons for his release.

**B.    § 3553(a) Factors**

That conclusion does not, however, end the analysis because the statute also directs the Court to consider the sentencing factors in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The Court recognizes that Mr. Loughry's medical conditions put him at an increased risk of developing severe symptoms if he contracts COVID-19 and that his facility is currently experiencing a COVID-19 outbreak. Although the BOP has implemented a number of measures to prevent the spread of the virus, the nature of prisons presents an outsized risk that "the COVID-19 contagion, once it gains entry, will spread," *see, e.g.*, *United States v. Hernandez*, 451 F. Supp.

3d 301, 304 (S.D.N.Y. Apr. 2, 2020). In short, the Court recognizes the risks Mr. Loughry faces from the COVID-19 pandemic and has weighed them in its current consideration of the § 3553(a) factors.

Mr. Loughry was a high-level participant in a website that advertised and distributed child pornography. Dkt. 1342 at 7–17. As a co-administrator, he had the ability to manage content and membership in the site. *Id.* His crime was serious, and his sentence reflects that. It is unclear what efforts Mr. Loughry has made to rehabilitate himself while in prison. His criminal history includes two handgun felonies. *Id.* at 19–20. Finally, he has served less than half of his sentence. The Court concludes that reducing Mr. Loughry's sentence and releasing him now, even if to home confinement, would not reflect the seriousness of his crime or promote deterrence or respect for the law.

The Court understands Mr. Loughry's fear of contracting COVID-19. But, given its consideration of the applicable § 3553(a) factors, the Court concludes that the risk to Mr. Loughry from the COVID-19 pandemic is not enough to tip the scale in favor of immediate release at this time. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence). Accordingly, Mr. Loughry's motion for compassionate release must be denied. Should his medical condition change substantially, he may file a new motion.

## III.
### CONCLUSION

For the reasons stated above, Mr. Loughry's Motions for Compassionate Release, dkt. [1289] and dkt. [1321], are **denied**.

**IT IS SO ORDERED.**

Date: 12/10/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel