UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08-cr-00132-SEB-TAB-5 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROGER LOUGHRY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-cr-00132-SEB-TAB |
| ) | |
| ROGER LOUGHRY, ) -5 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Roger Loughry has filed a letter to the Court which the Court construes as a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt 1485. For the reasons explained below, his motion is **DENIED**.

### I.   Background

Mr. Loughry was a co-administrator of an online site called "the Cache," which shared child pornography among its members. A jury convicted Mr. Loughry for a total of 16 counts of conspiring to notice or advertise child pornography, distributing child pornography, and noticing or advertising child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e) and 18 U.S.C. §§ 2252(a)(2), (b)(1), (d)(1)(A), and (d)(2). Dkt. 1062. On February 2, 2013, this Court sentenced him to 360 months of imprisonment, followed by a lifetime of term of supervised release. Dkt. 1065 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Loughry's anticipated release date (with good-conduct time included) as August 4, 2034. https://www.bop.gov/inmateloc/ (last visited May 3, 2024).

Mr. Loughry filed his first motion for compassionate release in 2020. Dkt. 1289. The Court found that Mr. Loughry had established an extraordinary and compelling reason for his release

2

because his medical conditions, including bladder cancer, COPD, and heart disease, placed him at risk of severe consequences if he contracted COVID-19. Dkt. 1345 at 7–8. The Court, however, denied release because the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. *Id.* at 9. The Court also noted that, if Mr. Loughry's condition were to change substantially, he may file a new motion. *Id.*

Mr. Loughry has filed his second motion for compassionate release *pro se*. Dkt. 1485. Mr. Loughry argues that he should now be released because his condition has deteriorated, and he has been denied medical care in the BOP. Dkt. 1485 at 2. The Court has concluded that it can resolve the motions without a response from the United States.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13

3

(Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

Mr. Loughry argues that he establishes extraordinary and compelling reasons for his release because he suffers from bladder cancer that has gotten worse since his prior motion for compassionate release was denied. Dkt. 1485 at 2. He states that his cancer causes him pain and other problems because he is receiving insufficient care in the BOP. *Id.* at 2.

Mr. Loughry, however, has provided no evidence that his medical conditions have deteriorated or that the BOP is denying treatment for his condition. The Court therefore cannot find that his condition has gotten significantly worse. Nevertheless, we will assume without deciding that his medical condition constitutes an extraordinary and compelling reason for his release.

This conclusion does not, however, end the analysis because the statute also directs Court to consider the sentencing factors in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).[1] In its prior order, the Court analyzed these factors as follows:

> Mr. Loughry was a high-level participant in a website that advertised and distributed child pornography. Dkt. 1342 at 7–17. As a co-administrator, he had the ability to manage content and membership in the site. *Id.* His crime was serious, and his sentence reflects that. It is unclear what efforts Mr. Loughry has made to rehabilitate himself while in prison. His criminal history includes two handgun felonies. *Id.* at 19–20. Finally, he has served less than half of his sentence. The Court concludes that reducing Mr. Loughry's sentence and releasing him now, even

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

if to home confinement, would not reflect the seriousness of his crime or promote deterrence or respect for the law.

Dkt. 1345 at 8–9.

Initially, the Court notes that a significant deterioration in a defendant's health may tip the balance of the § 3553(a) factors in their favor. However, the record is insufficient to show such a deterioration because Mr. Loughry has provided no evidence that his condition has worsened or that he is being denied care. Without any evidence that his medical condition has deteriorated, the Court finds that none of the information provided by Mr. Loughry alters the Court's prior determination with regard to the § 3553(a) factors.

Thus, the Court finds that releasing Mr. Loughry early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

If Mr. Loughry is able to obtain medical records or other evidence that his health has deteriorated significantly or that the BOP cannot or will not adequately treat his conditions, he may file a new motion. The Court will attach to this order a form which Mr. Loughry may use for a future compassionate release motion.

### III.   Conclusion

For the reasons stated above, Mr. Loughry motion for compassionate release, dkt. [1485], is **denied**. The **Clerk is directed** to include the attached form motion in the distribution of this order to the defendant.

**IT IS SO ORDERED.**

Date: 5/10/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

All Electronically Registered Counsel

Roger Loughry
Register Number: 43691-037
FCI Butler Low
Federal Correctional Institution
P.O. Box 999
Butner, NC 27509